UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL WAGNER** | : | **DOCKET NO. 17-cv-1491** |
| D.O.C. # 444022 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court are a Motion to Remand and Motion for Attorney's Fees [doc. 6] filed by plaintiff Michael Wagner. The motions were filed in response to the Notice of Removal [doc. 1] filed by defendants GEO Group, Inc. ("GEO") and Keith Cooley (collectively, "defendants"). Defendants oppose the motions [doc. 10] and Wagner has filed a reply.

These motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED** and that the Motion for Attorney's Fees be **DENIED**.

I.
BACKGROUND

This action began with a petition for damages filed in the 33rd Judicial District Court, Allen Parish, Louisiana, on October 12, 2017. Doc. 1, att. 1. As defendants Wagner names GEO and Cooley who were, at that time, the operator and warden of Allen Correctional Center ("ACC"), respectively. *See id.* There Wagner, an inmate at ACC, alleges that he was injured when trying to climb into his bed. *Id.* Specifically, he maintains that due to the lack of ladders he "had to climb

the bars or jump from a desk on an adjacent wall" and "twist in an awkward manner to get over a piece of metal that is welded to the end of the bed" to reach the upper bunk, and that in doing so one day he fell and struck his back on a metal bar. *Id.* at 3. He also maintains that Cooley had actual knowledge of the bunks' condition or constructive knowledge that, due to the lack of ladders, inmates had to find "an alternative manner" to reach the top bunks. *Id.* at 2–3. Wagner asserts that his injury is attributable to the defendants under Louisiana tort law. *Id.* at 2–5.

Defendants removed the suit to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332 and making no claim of federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1. They allege that the amount in controversy exceeds $75,000 and that, for diversity purposes, Wagner is a citizen of Louisiana and GEO is a citizen of Florida. *Id.* at 3–4. They also admit that Cooley is a citizen of Louisiana but maintain that he is improperly joined to this action to defeat diversity. *Id.* Wagner has now brought the instant motions, alleging that defendants cannot meet their burden of showing improper joinder or that the amount in controversy exceeds $75,000. Doc. 6, att. 2. Accordingly, he maintains, he is also entitled to costs and fees associated with the removal under 28 U.S.C. § 1447(c). Doc. 6, p. 3.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### A. *Motion to Remand*

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Only the latter method is relevant here, because no fraud is alleged. Thus the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. The movant is therefore required to put forth evidence defendant to "that would negate a possibility of liability on the part of [the nondiverse defendant]." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 767 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650) (alterations in original). All contested issues of substantive fact and ambiguities in the controlling state law must be resolved in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In order to assess the plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. This inquiry "depends upon and is tied to the factual fit between the [plaintiff's] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id.* at 573. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The summary inquiry is only appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits. *Id.* at 573–74. On a summary inquiry into improper joinder, the court is still required to resolve all ambiguities in plaintiff's favor. *Travis*, 326 F.3d at 648–49.

Wagner seeks to hold the in-state defendant, Cooley, liable based on an alleged duty to provide ladders to the bunks and his actual or constructive knowledge of their defective condition. Doc. 1, att. 1, pp. 2–3. In the notice of removal and opposition to the instant motions, defendants maintain that these are general allegations and are insufficient to support a personal duty on Cooley's part. *See* doc. 1, pp. 3–4 n. 1; doc. 10, pp. 2–4. The parties do not dispute that Cooley, at the time of the incident, was an employee of GEO. *See* doc. 1, att. 1, p. 2; doc. 10, att. 1.

For an employee to be personally liable to a third person, Louisiana law requires that that employee breach a personal duty owed to the third person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set out by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973) to determine if there is a basis for an employee's personal liability. *Id.*; *see Arnold v. Shepard*, 2013 WL 2471672 at *3 (W.D. La. Jun. 7, 2013) (applying *Canter* to warden's liability for inmate's injuries). Under *Canter*, the following four factors must be satisfied before personal liability can be imposed:

> 1) The employer must owe a duty of care to the third person, the breach of which caused the damages for which recovery is sought.
>
> 2) The duty was delegated by the employer to the particular employee.

>   3) The employee breached the duty through his own personal fault.
>
>   4) Personal liability cannot be imposed simply because of general administrative responsibilities; instead it must result from a personal duty to the plaintiff that was not properly delegated to another employee.

*Canter*, 283 So.2d at 721.

As defendants note, the Eastern District of Louisiana recently granted summary judgment to two wardens, determining that the plaintiff had shown no basis for their personal liability for "what are, at bottom, policy decisions" relating to the facility's staffing levels and design of its security system, and appeared to be within the control of the sheriff instead. *Coker v. Strain*, 2010 WL 3922134 at *4 and n. 2 (E.D. La. 2010). A similar decision is at issue here. Wagner alleges conclusorily that Cooley "had a duty to provide ladders to the upper bunk beds." Doc. 1, att. 1, p. 2. This is a legal conclusion and thus owed no deference under a 12(b)(6) analysis. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). Defendants maintain that Wagner "can present no facts that demonstrate [that] Warden Cooley had any personal control over how Allen Correctional Center was constructed, designed, or equipped with ladders." Doc. 10, p. 3. Based on this challenge to the legal conclusion on which Wagner relies, a summary inquiry appears warranted.

Defendants attach an affidavit from Cooley to their opposition. There he states, in pertinent part:

IV.

> ACC was constructed in the early 1990s. No ladders were included in the original construction of the living quarters at ACC, and I had no involvement in the design, construction, or lay out [*sic*] of ACC. ACC is owned by the Louisiana Department of Public Safety and Correction[s], and, during my employment with The GEO Group, Inc. as Warden of ACC, I had no authority to order the structural alteration of ACC or to otherwise refit inmate living quarters with ladders.

V.

> The upper bunk beds at ACC have been used, without ladders, on a continuous basis since the construction of the facility.

Doc. 10, att. 1, p. 2.

Wagner provides no evidence in support of his reply; however, Cooley's affidavit does not contradict the allegation in the complaint that he (Cooley) observed the allegedly unsafe conditions of the bunk. *See* doc. 1, att. 1, p. 3. As Wagner maintains, it also does not rule out an argument that Cooley's personal duties could have included reporting such unsafe conditions so that they could be repaired by whatever entity had the power to provide ladders or otherwise modify bunk arrangements. *See* doc. 11, att. 2. Defendants fail to show that there can be no personal duty under *Canter* to report a dangerous condition, even if the employee does not actually have the power to remedy it. *See Delorimier v. Payless Shoe Source, Inc.*, 2016 WL 6518864 (E.D. La. Nov. 3, 2016) (finding no improper joinder based on claim that store managers breached personal duty to customer by failing to report unsafe pavement condition to corporate office). Accordingly, the defendants fail to present sufficient evidence through their summary inquiry establishing that Wagner has no possibility of recovery against Cooley under Louisiana law. Cooley's presence in this suit as a non-diverse party thus deprives this court of subject matter jurisdiction. We will not reach Wagner's allegations relating to the amount in controversy.

### B. *Motion for Attorney's Fees*

Wagner also requests that defendants be assessed the costs and attorney's fees that he incurred as a result of bringing the motion to remand. Doc. 6. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Such an award should only be made, however, where the removing party lacked an objectively reasonable basis for removal. *American Airlines, Inc. v.*

*Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012). Above, we found that the allegations in the complaint on Cooley's duty were conclusory and that summary inquiry was warranted to resolve whether he was improperly joined. Accordingly, we cannot determine that defendants lacked an objectively reasonable basis for removing the case. The motion for attorney's fees should therefore be denied, and each party should bear its own costs associated with the remand.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand be **GRANTED** and that the Motion for Attorney's Fees be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE